Nash, C. J.
 

 It is a principle, well settled in the courts of England, as well as in those of this State, that where privity exists between two persons, and one receives money to which the other in j nstice and equity is entitled, the law implies a promise on the part of the receiver to pay it to the latter; 2d Starkie on Ev. 63, and
 
 Mitchell
 
 v.
 
 Walker,
 
 8 Ire. Rep. 248. This promise may be enforced by an action for money had and received, which rests upon equitable principles.
 

 Apply this principle to the present case. Which of these parties, in justice and equity, is entitled to the money for which the action is brought? Elliott was a stockholder in the North-Carolina Rail-Road company, and being entitled, as such, to a preference in the letting of contracts, he agreed with the plaintiff to get for him a contract for furnishing cross-ties. This, the case states, he did. The contract, however, for the cross-ties was made between the rail-road company and the defendant, and was executed on 10th of March, 1853, and on 30th of April, 1853, was assigned in writing by Elliott to the plaintiff for a valuable consideration. In December, 1854, in consequence of the rise in the hire of laborers and of timber, the company passed an ordinance increasing the rates to be paid to contractors thereafter. The plaintiff completed his' contract with the defendant, and the company paid to- Elliott the sum due on the contract, including the increased rates with the original ones. The defendant paid over to- the plaintiff the money so received by him, deducting the increased rates. The action is brought to recover the amount so retained by the defendant. Upon what principle of justice or equity can the defendant retain that sum? The whole amount due upon the contract was, by the company, rightfully paid to him. lie was the original contractor, and the case states there was
 
 *114
 
 no change, on the books of the company, of the name of the contractor, and the accounts were all kept in the name of the defendant. But to whose use was it paid
 
 %
 
 To the use of the person to whom it rightfully belonged. If A puts into the hands of B a horse to be sold, and he sells him, and receives the price, B receives it to the use of A, who can maintain an action for its recovery from B. Here, the defendant had sold his contract to the plaintiff before any portion of the work was done, and in assigning it to the plaintiff he transferred to him, not only the contract, but, in the language of the Court below, “ all the advantages of the contract with the company, contingent and uncertain, as well as fixed and certain.” "When, therefore, Elliott received the amount of the increased rates, he received that sum, as well as that arising from the original rates, as the agent of Winslow, and held' it as his trustee and to his use.
 

 But, on behalf of the defendant, it is said that the promise by the rail-road company to pay the increased rates, was a voluntary promise without consideration and void, and if they chose to pay it, they might pay it to whom they pleased, and having paid it to him, the plaintiff could have no legal claim to it. It is true, the promise by the company, as to increased rates, was without consideration, and could not be enforced against them, but they did not choose so to forfeit their plighted faith. They paid it to the defendant as standing on their books, the rightful owner of the contract; which brings us back to the question, to whose use was the money paid ? certainly to the use of the rightful owner of the contract — to him who, with the knowledge and consent of the original owner, had performed the work, and to whom the original owner had assigned the contract for valuable consideration, with all the interest in it, or growing out of it. The increased rates certainly grew out of the original contract and were an interest attached to it. The defendant is in possession of money which :in justice and equity belongs to the plaintiff, and which, with a good conscience, he cannot retain. There is no error.
 

 Pek Cukiam:, . Judgment affirmed-